Morgan, J.
Grace Ann Cliff, the. only living child of William Cliff, deceased, filed a suit in equity in January, 1908, against Annie Cliff, William’s third wife, to enforce'a resulting trust upon the real estate involved in this suit, of which Annie was in possession, and an undivided one-half interest in which she claimed to own, as the widow of William Cliff, who died in January, 1907, and his joint heir intestate with Grace. Grace is the only child of William and his first wife, Mary Cliff, who were divorced in September, 1884. The second wife was Sarah, who *185 died in July, 1893, with the property in controversy of record in her name. At the time this suit was begun, all these persons were dead except Annie and Grace. It is conceded that Grace is entitled to a half interest in the property as the only child, but she claims it all by reason of a certain alleged agreement between Sarah and William occurring during Sarah’s last sickness. Grace alleges, in her complaint, that a few days before her stepmother, Sarah, died, she expressed a desire to convey this property to her, but was prevented from doing so on account of a promise then made by William that he would do it, as he would be the sole heir of Sarah, and would inherit the property, if she should die. It is conceded that if these allegations were true, a resulting trust would be created in favor of Grace that would follow the property and divest Annie of alb interest in it. The lower court found in Grace’s favor,' and entered a decree giving her the entire property. Annie appeals.
Appellant’s principal contention relates to the statutes of limitation and the doctrine of laches in equity, pleaded in defense, and, incidentally, the ruling of the lower court in admitting the testimony of Grace as to when she first learned of her right to claim the land in controversy. Her testimony bears directly upon the applicability of such defenses and helps to determine the time when the cause of action' accrued, and within which the suit should have been begun.
Under our statute concerning witnesses, it was error to permit Grace to testify in hjfer own behalf. At common law, a party to a suit could not testify at all in his own behalf, and while our statute has changed this rule of the common law, certain exceptions are still provided for. Secs. 7266 and 7267, Eev. St. 1908 (Secs. 4822, 4816, M. A. S.). After stating, in sec. 7266, that “neither parties nor other persons who have an interest in the event of *186 an action or proceeding shall be excluded,” the statute, in sec. 7267, provides:
“That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee; unless when called as a witness by such adverse party so suing or defending, and also, except in the following cases, namely:
‘ “First. In any such action, suit or proceeding,- a party or interested person may testify to facts occurring after the death of such deceased person.”
Annie was defending as the heir at law of her deceased husband, and Grace was suing her for the property, not as an heir at law of her father, but as the beneficiary under the trust created by her stepmother, Sarah, and under the plain words of the statute she was not a 'competent witness to testify in her own behalf to any fact unless it occurred after the death of her father. Her testimony was that she first learned of her right to claim the land the week after her father’s death, and that she never had any knowledge of it prior to that date. This was testimony to a fact, — her lack of knowledge, — existing prior to and not after the death of her father. Appellee invokes the exception stated in Pigg v. Carroll, 89 Ill., 205, where the distinction is made that in a controversy among the conceded heirs or distributees of an intestate estate, concerning advancements, the heirs are competent witnesses for and against each other. The same rule is discussed in Laurence v. Laurence, 164 Ill., 367, and In re Estate of Maher, 210 Ill., 160; but the ques *187 tion here is not the distribution of the half interest in controversy between Grace and Annie — but, who is entitled to it, as between the claim of Annie, as heir at law, and Grace, as a beneficiary of the resulting trust? It is conceded that Grace inherited one-half of the property, hence the controversy is over the other half, Annie defending as heir at law, and Grace claiming as beneficiary under the resulting trust aforesaid, and not as an heir. Grace is a stranger to the disputed half of the acre in controversy, and if her father were living, his testimony might contradict her. It seems almost incredible, too, that she never heard of her rights prior to her father’s death. Her two uncles and two aunts, her father and her mother, knew of her rights, for fourteen years, prior to the time that Grace testifies that she first received the information. The purpose of the statute in preventing a party to an action, suit or proceeding, or person directly interested in the result thereof, from testifying in his own behalf, in such instances, is to protect the undisputed heirs of an intestate from claims against the estate, or for any part thereof, by persons who do not claim as undisputed heirs or distributees, but as strangers to the estate, or to that part of it, which they claim. Laurence v. Laurence, supra; Muller v. Rebhan, 94 Ill., 142; Elbert v. Gurding, 116 Ill., 216.
Appellant relies upon laches in equity, and upon that statute of limitations that provides that:
“Bills of relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within five years after the cause of action shall accrue, and not after.”
Both of these defenses depend upon Grace’s knowledge of the alleged trust and the time when she first obtained such knowledge, or ought to have obtained it. And *188 if she had proved, by any competent evidence, snch lack of knowledge on her part, that is, that she never knew of the agreement between her stepmother and her father, creating the resulting trust in her favor, until the week after her father’s death, such proof would have avoided any of the statutes of limitation or laches pleaded against her. All of-the authorities cited by both appellant and appellee are in accord with these views. In the following authorities, this principle was discussed at length and the cases are well considered: French v. Woodruff, 25 Colo., 339; Arkins v. Arkins, 20 Colo. App., 123; Dennison v. Barney, 49 Colo., 442; Swift v. Smith, 79 Fed., 709; Hovey v. Bradbury, 112 Calif., 620; Butler v. Hyland, 89 Calif., 575. And while it is true that where the suit is tried before the judge and not before a jury, it is presumed that he considered only the competent testimony introduced before him, and excluded that from his consideration which was incompetent, we have searched the record to ascertain if there is any testimony therein tending to prove that Grace was ignorant of the trust before her father’s death, and we find none except her own. It is impossible to ascertain from the record when she first learned of it, without her own testimony. Therefore, it must be assumed that the finding of the lower court was based entirely upon her testimony, which we have held to be incompetent. In suits of this character, where the defense is the statute of limitations hereinbefore set forth, and the reply denies that the statute applies, on the ground that the plaintiff was ignorant of the facts and did not hear of them until a short time, that is, less than five years, before the suit was commenced, the burden of proving such lack of knowledge and of proving that the cause of action accrued within less than five years before the suit was begun, is upon the plaintiff. Pipe v. Smith, 5 Colo., 146, 157; DeMaeres v. Gilpin, 15 Colo., 76, 84; *189 Woodruff v. Williams, 35 Colo., 28, 59; Wood v. Carpenter, 101 U. S., 135, 143; Wetzel v. Minn. Trsf. Co., 65 Fed., 23, 26.
Thayer, circuit judge, in the case last cited, used the following language:
“It is also a well-established rule that when a suitor applies to a court of chancery for relief, for any considerable length -Of time after the wrong complained of was committed, it is incumbent npon him to show, both by averment and proof, some sufficient excuse to justify the delay. This latter rule, requiring a suitor to plead and prove some adequate excuse for his silence and inaction in every instance where there has been an apparent want of diligence, is applied and enforced with great strictness in those cases where a person seeks to fasten upon another a constructive trust with' respect to personal or real property.”
Consequently, the statute of limitations pleaded in the answer, sec. 2912, M. A. S. (sec. 4073, Rev. Stat. 1908), is a good defense unless it be shown by competent evidence, which was not done, that the plaintiff was ignorant of the facts that constituted her right of action, and that her ignorance was excused under all the facts and circumstances as heretofore stated. Therefore, on account of the error committed by the lower court in permitting the appellee to testify in her own behalf to facts hereinbefore referred to, and for the further reason that there is no other testimony in the record tending to prove such facts, and because such facts must be established by the complaining party, which was not done, the cause is reversed and remanded.

Reversed and Remanded.