[No. 8766.]

## SCHLOSSER v. SCHLOSSER.

1. TRUST—*Repudiation of—Limitation.* The refusal of the trustee to convey to the beneficiary, lands which he holds for him, is a repudiation of the trust, setting in motion the five years' statute of limitations. (Rev. Stat., sec. 4073.)

2. ——*Suspension of Statute.* Subsequent repeated requests and refusals have not the effect to suspend the statute.

3. ——*Advancement or Gift.* The purchase by husband of the furniture and household goods used in the household, no special agreement in reference thereto being shown, does not raise a trust in the wife to make over to him a moiety thereof.

*Error to Denver District Court.* Hon. JAMES H. TELLER, Judge.

Mr. E. E. SCHLOSSER, and Mr. H. W. SPANGLER, for plaintiff in error.

Mr. CHAS. R. BOSWORTH, for defendant in error:

Mr. JUSTICE SCOTT delivered the opinion of the court.

This action is by the plaintiff in error, plaintiff below, against his wife, the defendant in error, defendant below. Its purpose is to require the defendant to convey to the plaintiff an interest in two separate tracts of land, the legal title to both of which, rests in the defendant; and also to require the defendant to turn over to plaintiff one half of the sum of one thousand dollars, being a sum borrowed by the defendant, and secured by a trust deed on one of the properties; and to execute a bill of sale for one-half of the household goods.

The complaint purports to set forth three causes of action. The first recites that plaintiff and defendant were married on the 9th day of May, 1888, and are still husband and wife; that at the time of their marriage the plaintiff had fifteen hundred dollars, and the defendant two thousand dollars in money and property, and that plaintiff has supported defendant and their family since their marriage.

It is then alleged that on or about the 22nd day of June, 1888, plaintiff and defendant purchased two certain town lots in the city of Denver, for the sum of $2300.00, taking the title in the name of the defendant; that the plaintiff paid $300.00 of this sum, and that the defendant paid the remaining $2000.00. That at the time

of such purchase, the property was vacant and unimproved; that the title was placed in defendant's name at her request, and upon her promise to convey to plaintiff a one-half interest therein, at any future time, upon his request. That relying upon such promise the plaintiff during the fall and winter months of 1900, erected a dwelling on said lots, paying all the cost thereof except the sum of $4000.00 which was borrowed, and for which the defendant executed her notes, and trust deed covering the premises. That plaintiff has since the erection of said dwelling, paid from his own earnings more than $8000.00 on said premises as principal, interest, taxes, general and special, insurance and repairs.

It is then alleged that in June, 1908, and while the defendant was dangerously ill, plaintiff requested defendant to execute a deed to him for his interest in said premises, but that the defendant became very angry, and refused to convey to him said property, or an interest therein; that four or five years thereafter and subsequently, the defendant refused to convey to plaintiff his alleged interest in said premises.

The second cause of action alleges that on February 4th, 1889, plaintiff and defendant purchased two other and additional town lots in the city of Denver, at the agreed price of $3500.00, of which $400.00 was paid in cash, the plaintiff executing his notes and trust deed on the premises to secure the remainder of the purchase price, the title being taken in name of the plaintiff. That plaintiff afterward made certain payments and thereby reduced the amount due on said purchase price to $2000.00, and that the holder of said notes and trust deed on the 1st day of April, 1907, released the same, as a voluntary gift to plaintiff and defendant.

It is then alleged that on the 15th day of January, 1902, the defendant conceived the idea that plaintiff was

about to get in financial trouble, and induced him to execute a deed for said premises to the defendant, upon her promise to convey said premises to plaintiff when requested. It is then alleged that in June, 1908, and at subsequent times the defendant refused to convey said premises to the plaintiff. It is further alleged that defendant in August, 1913, executed a mortgage covering the property to secure the payment of the sum of one thousand dollars, which sum was received by defendant, and is still unpaid.

It is alleged in the third cause of action that the plaintiff bought and paid for the household goods used by plaintiff and defendant, and the demand is for a delivery to plaintiff of a bill of sale for a one-half interest therein.

The complaint alleged that the defendant, since the 4th day of December, 1912, has refused to live with the plaintiff, without just cause or provocation.

The defendant filed special demurrers to the first and second causes of action, which demurrers were identical in form and allege as grounds thereof, (a) that the allegations are not sufficient to constitute a cause of action, (b) that the action is barred by the statute of limitations, and (c) laches.

The ground of the demurrer to the third cause of action was that the allegations are insufficient in law to constitute a cause of action. All of these demurrers were sustained by the court, and the plaintiff electing to stand on his complaint, brings the case here.

The allegations in the complaint strongly appeal to the conscience of the chancellor. Aside from what has been said it appears that the plaintiff is a dentist by profession, that until the later years of their married life he had an earning capacity of from $400.00 to $500.00 per month, which he devoted to the maintenance of his

wife and children, and the accumulation of the property herein involved. That recently his earning power has been substantially destroyed by reason of his affliction. That so afflicted, and without earning power, his wife, so in possession of the fruits of substantially all his earnings for the years of his activities, has abandoned him in his distress. The allegations of the complaint admitted by the demurrer, exhibit such a spirit of selfishness and cruelty on the part of the defendant, as to cause the court to regret in this instance, the rules of law that must permit it to stand, though such rules be wise and sound when applied to the generality of cases.

It is the contention of plaintiff in error that the two transactions recited in the first and second causes of action, constituted in each case a trust, either constructive or resulting. Elaborate and able arguments are presented in the briefs for and against this contention. But inasmuch as we must hold that both causes of action are barred by the five years statute of limitations, it is not important to determine this question.

If we assume for the purpose of the argument, that the complaint does establish a trust of any character, yet upon the face of the complaint the action is barred by the five-year statute of limitations, under the well settled rule of this court.

The complaint specifically alleges in each of the two counts, that the plaintiff requested of the defendant a conveyance of plaintiff's alleged interest in each of the tracts of land, during the month of June, 1908, and that at the time the defendant positively refused to do so. Indeed, it is alleged that she became angry and incensed at the request, and emphatically refused to make any deed to the whole or any part thereof. This constituted a repudiation of the trust, from which time the statute commenced to run. Admittedly this was more than five

years before the commencement of the action. Section 4639, Mills' Ann. Statute 1912, is controlling in this matter, and is as follows:

"Bills of relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within five years after the cause thereof shall accrue, and not after."

It was said by this court, in the case of *French v. Woodruff,* 25 Colo. 339, 54 Pac. 1015:

"Where, as in the case at bar, the trust is an express trust, or it is a resulting and continuing trust created with the consent of the trustee and *cestui que trust,* the statute of limitations does not apply. In this class of trusts no right of action accrues unless the trust is repudiated in some way, and knowledge thereof brought home to the *cestui que trust. Warren v. Adams,* 19 Colo. 524, [36 Pac. 604]; 13 Am. & Eng. Enc. of Law 685, et seq.; 2 Perry on Trusts 863, et seq."

See also *Ballard v. Golob,* 34 Colo. 417, 83 Pac. 376; *Bowes, Executor, v. Cannon, et al.,* 50 Colo. 262, 116 Pac. 336.

The facts alleged in this case are quite similar to the circumstances in the case of *Dennison v. Barney,* 49 Colo. 442, 113 Pac. 519, where it was said:

"The deed was executed and delivered December 25, 1897, and this action brought December 31, 1904. The complaint alleges that, 'on many occasions during the earlier part of the year 1899,' plaintiff 'requested the said defendant to deliver to plaintiff such deed in keeping with her promise and agreement as aforesaid made and entered into, to and with this plaintiff, or to reconvey to said plaintiff said premises; but that said defendant utterly neglected and refused so to do, and on the 8th day of May, 1899, duly filed said deed for record,' etc.

These acts unquestionably gave the plaintiff a right of action presently, and necessarily set in motion the statute of limitations.''

While it is alleged in both causes of action that the plaintiff afterward and repeatedly requested such conveyances in conformity with defendant's agreement, and which defendant each time refused, yet these facts cannot have the effect of suspending the statute from its operation, beginning with the first repudiation in June, 1908. This constitutes nothing more than repeated acts of repudiation. In support of the conclusion reached, we cite *Harding v. Burris*, 52 Colo. 132, 119 Pac. 1063; *Cliff v. Cliff*, 23 Colo. App. 183, 128 Pac. 860.

That the third count in the complaint fails to state a cause of action is so obvious as to require no argument. The household goods are alleged to have been purchased while the plaintiff and defendant were living together as husband and wife. There is no showing that they were not for their joint use or for that of the family, nor that there was any promise or agreement concerning the same.

If the third cause of action may be said to be an attempt to state any cause, it must be assumed it was that of a resulting or implied trust. The rule in case of such an action as between husband and wife has been stated to be:

"Ordinarily, all that is necessary to establish a *prima facie* resulting trust, is to show that the party seeking to enforce the trust paid the purchase money, and the law presumes that he intended to reap the benefits, although the title was taken in the name of another. But when title is taken in the name of a wife or child, or some other person for whom the one furnishing the money is under some natural, moral or legal obligation to provide, the presumption is that it was intended as a

gift or advancement, and not as a trust. In the latter case, one seeking to establish a resulting trust must show, not only that he paid the purchase money, but he must show that he did not intend it as a gift or advancement." *Foster v. Barrier,* 39 Colo. 398, 89 Pac. 787.

Indeed, there is no allegation that the plaintiff has any present interest in the property.

The judgment is affirmed.

Mr. Justice White and Mr. Justice Garrigues concur.