## No. 14,199.

### BOWMAN, TRUSTEE OF THE ESTATE OF MORRISON, BANKRUPT *v.* MAY ET AL.
(80 P. [2d] 327)

Decided May 31, 1938.

418

Mr. JAMES R. HOFFMAN, for plaintiff in error.

Mr. THOMAS CAMPBELL, Mr. ALBERT S. FROST, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION by trustee in bankruptcy in nature of creditor's bill to set aside conveyances of property by bankrupt to his mother-in-law and wife, Eva May and Willa May Morrison, respectively, who are defendants in error, and who, also, were defendants below. Judgment of the trial court was in their favor, and it is to review that judgment that the matter is here on writ of error. Both real and personal property are involved. Complaint was filed in June, 1936.

On June 9, 1926, George Morrison, being the owner of lots one and two, block 11, Denver, known as 2558 Gilpin street, conveyed them to his wife for "One dollar, and for love and affection and other considerations." November

8, 1927, Morrison and his wife conveyed the same property to his wife's mother, Eva May, for "Ten and no/100 Dollars, love and affection, and other good and valuable considerations." Both deeds were properly acknowledged and recorded.

In July, 1930, George Morrison and Willa Morrison joined in giving a bill of sale to six rooms of furniture located at 2558 Gilpin street to Eva May for a recited consideration of $300. This bill of sale was duly recorded August 22, 1930. The furniture remained at the same location, where all of the parties resided following the transfer.

On April 16, 1929, George Morrison bought an electric refrigerator on the installment plan, as a birthday present for his wife, title being taken in her name, and he says she made the payments through him.

It will not be necessary to consider the legal points raised, based on the fact of there being no change in possession of the furniture at the time of the execution of the bill of sale, because counsel for plaintiff in error admits in his reply brief that "the evidence of the defendants and the bankrupt is that when he deeded the real estate away he owned nothing except his furniture, which would have been exempt from execution." Since his case is predicated on the theory that we must go back to 1926-27 to fix liability, we also must determine the right to exemption as of that time, so no good purpose would be served by setting aside the bill of sale to the furniture. If it was exempt then it still is, because Morrison's status as head of a family is the same.

The only claim here involved (the appearance of the trustee in bankruptcy for "all the creditors" notwithstanding), as appears from the language of the complaint, "which claim was duly allowed in the sum of $1,608.46; that other unsecured claims amounting to.... have been filed and allowed against said estate, all of which are unpaid," is based upon a judgment obtained against Morrison in Nebraska June 13, 1928, which was awarded in a

contested case, Morrison being personally served, entering a general appearance and resisting a claim apparently based on breach of contract.

This foreign judgment was reduced to judgment in Colorado October 31, 1929, summons being served by delivery to Mrs. Morrison, but no execution was issued thereon until October 17, 1934, and counsel for plaintiff in error says his client did not discover the alleged fraudulent conveyances until the return of the execution, which showed only a levy on defendant's car, which, it developed, was mortgaged for all it was worth.

Evidence discloses that about the time of the Nebraska trial, Morrison told the creditor that he owned two pieces of real estate in Denver, and other property.

In the bankruptcy proceeding in April, 1935, a number of objections were filed to the discharge of the bankrupt based on the grounds of fraud, concealment and the like, contrary to the provisions of section 29 of the Bankruptcy Act. On the testimony relating to these objections, all the issues were found in favor of the bankrupt by the referee.

On the trial in the district court, the evidence was very conflicting on the question of the consideration given by Eva May for the property. Both Morrison and Eva May testified that $2,000 was actually paid for the equity in the Gilpin street property, and $300 for the furniture. The court chose to believe them, regardless of apparent inconsistency in their testimony and the conflict with that of other witnesses. We cannot and do not find that the court was wrong in its conclusions. While we could, and should, sustain the judgment here on the ground that the evidence was conflicting, and that every reasonable intendment must be resolved in favor of the court's conclusions thereon, there is another and probably stronger reason why the judgment must be affirmed, and that is on the ground that the statute of limitations has run against this action.

We think defendants rightfully invoked section 13, page 1483, chapter 102, volume 3, '35 C. S. A. (C. L.

§6403), which reads, "Bills for relief, on the ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards."

In construing this section, we have held that full possession of the means of detecting a fraud is equivalent to knowledge. *Pipe v. Smith,* 5 Colo. 146. Here, counsel admits that the creditor learned of the alleged fraudulent conveyances as soon as execution was issued and returned on creditor's judgment in 1934. There is no reason why the execution could not have been had immediately after the judgment was entered on October 31, 1929, and the same knowledge obtained then. This means of detecting the fraud was peculiarly within the power of the creditor, notwithstanding, he waited for five years before attempting to force collection of his judgment. Also in his complaint based on the Nebraska judgment, he could have asked to have the conveyance of real estate set aside.

"Courts of equity will not interfere if a party slumbers on his rights or the means of detecting the fraud." *Pipe v. Smith, supra; Ramstetter v. MacGinnis,* 100 Colo. 494, 68 P. (2d) 454.

The case of *Adams v. Osley,* 255 Fed. 117, upon which plaintiff in error relies, would have been helpful to his cause were it not for the fact that in that case the referee found for the creditor on the evidence, and, also, the statute of limitations was not there involved.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.