No. 15,783.

PARSONS ET AL. *v.* SHACKLEFORD.
(188 P. [2d] 587)

Decided February 24, 1948.

Mr. NORMAN H. COMSTOCK, Mr. DEE H. BEER, for plaintiffs in error.

Mr. CLIFFORD H. STONE, Messrs. PORTER, STEWART & CARROLL, for defendant in error.

MR. JUSTICE LUXFORD delivered the opinion of the court.

THE parties hereto will be mentioned as petitioners (plaintiffs in error here) and respondent (defendant in error) as they appeared in the trial court. In 1911 respondent was appointed by the county court of Gunnison county, Colorado, as guardian of the estate of two minor children, petitioners herein. He continued as such guardian until the minors became of age, one in 1928, the other in 1930, at which times the court fixed dates for final settlement of their estates, each was duly notified, and each was present in court when the final reports of respondent were approved by the court and respondent discharged. December 14, 1939, petitioners instituted this proceeding by filing their petition in the aforesaid county court, charging that respondent had improperly administered their estate, to their loss, and praying judgment against him for the amount of such alleged loss. The trial court found respondent not guilty of fraud, and that he had rendered faithful service and exercised careful business management in handling petitioners' estates. Judgment was for respondent and petitioners bring the case here for review.

■ *Limitations of Actions.* This proceeding is barred by the five-year statute of limitations. It will be noted that these estates were closed and respondent guardian discharged nine and eleven years, respectively, before this proceeding was instituted. Respondent invoked, inter alia, section 14, chapter 102, '35 C.S.A., which reads: "Bills for relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within five years after the cause thereof shall accrue, and not after."

■ We have held that, "Full possession of the means of detecting a fraud is equivalent to knowledge." *Bowman v. May,* 102 Colo. 417, 80 P. (2d) 327; *Pipe v. Smith,* 5 Colo. 146.

All the matters and transactions in controversy here were of record in the county court of Gunnison county,

Colorado. These records were available at all times to petitioners.

■ *Laches.* "Courts of equity will not interfere if a party slumbers on his rights or the means of detecting the fraud." *Bowman v. May, supra; Pipe v. Smith, supra; Ramstetter v. MacGinnis,* 100 Colo. 494, 68 P. (2d) 454.

The case of *Miller v. Goff,* 100 Colo. 545, 68 P. (2d) 915, is not helpful. There the facts were concealed from plaintiff and he brought suit only after being unable to obtain a satisfactory explanation from defendant and others. The trial court found for plaintiff and we sustained the judgment. Here respondent's acts were a matter of record in the office of the clerk of the county court. The trial court found that there was no fraud or concealment and entered judgment for respondent.

The judgment is affirmed, each party to pay their own costs.