**J. Dudley ABBOTT, Jr. and Sandstone 70 Corporation, a Colorado Corporation, Plaintiffs-Appellants,**

**v.**

**Duane L. LUCAS, Frank B. Day, Mrs. Frank B. Day, and International Investments, Ltd., a Colorado Corporation, Defendants-Appellees.**

**No. 78–513.**

Colorado Court of Appeals.

Nov. 16, 1978.

Certiorari Granted Jan. 17, 1979.

Almon & Barsotti, Edward B. Almon, David Barsotti, Denver, for plaintiffs-appellants.

Grant, McHendrie, Haines & Crouse, P.C., Donald B. Gentry, David A. Bottger, Denver, for defendant-appellee Duane L. Lucas.

Marshall T. Riggs, Boulder, for defendants-appellees Frank B. Day, Mrs. Frank B. Day, and Intern. Inv., Ltd.

RULAND, Judge.

We reverse the summary judgment of the trial court dismissing the creditor's bill of J. Dudley Abbott, Jr. and Sandstone 70 Corporation against the named defendants.

Insofar as pertinent here, Sandstone entered into a joint venture with defendant, International Investments, Ltd. International defaulted on its obligations to the venture, and Sandstone terminated the relationship, taking a note from International. Sandstone's creditor's bill is predicated on the claim that International conveyed land to defendant Lucas and that International redeemed stock from the defendants Day in violation of International's obligation to creditors. Sandstone seeks to impose an "implied trust." Both transactions occurred more than five years prior to the date that Sandstone initiated this proceeding, and the trial court ruled that the statute of limitations began to run on the date that International became insolvent. We do not agree.

Section 13–80–114, C.R.S.1973, requires that an action to enforce a trust be filed "within five years after the cause thereof accrues." For purposes of the statute of limitations, there is no distinction between a resulting and constructive trust. *Vandewiele v. Vandewiele*, 110 Colo. 556, 136 P.2d 523 (1943); *See also Page v. Clark*, 40 Colo.App. 24, 572 P.2d 1214 (1977). Under the circumstances of this case, the claim does not "accrue" upon such a trust until the claimant acquires or should have acquired knowledge of the existence of the trust. *Cliff v. Cliff*, 23 Colo.App. 183, 128 P. 860 (1912); *see also French v. Woodruff*, 25 Colo. 339, 54 P. 1015 (1898). And, contrary to defendants' argument, we do not view *Security National Bank v. Peters, Writer & Christensen, Inc.*, 39 Colo.App. 344, 569 P.2d 875 (1977) as inconsistent with the early decisions of this court because the doctrine of equitable estoppel was relied upon in *Security* to reach the same conclusion, namely, that the statute cannot be invoked if the beneficiary of the trust has no knowledge of the trust's existence.

No affidavits or other information submitted to the trial court establish that plaintiffs acquired the requisite knowledge more than five years before this action was filed. Contrary to defendants' contention, plaintiffs urged to the trial court, both in briefs submitted and in their motion for new trial, that the limitation period did not commence until the requisite knowledge was obtained. Hence, entry of summary judgment was improper.

The judgment is reversed and the cause remanded with directions for the trial court to consider the other grounds asserted by defendants for entry of summary judgment.

PIERCE and VAN CISE, JJ., concur.