25CA0612 Sullivan v Westphal 03-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0612
Garfield County District Court No. 24CV30137
Honorable John F. Neiley, Judge

---

Brittney Sullivan a/k/a Brittney Westphal,

Plaintiff-Appellant,

v.

Jim Westphal and Cheryl Westphal,

Defendants-Appellees.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

---

Defiance Law Firm, Peter A. Rachesky, Lara Horst, Glenwood Springs, Colorado, for Plaintiff-Appellant

Garfield & Hecht, P.C., Eric D. Musselman, Christine L. Gazda, Glenwood Springs, Colorado, for Defendants-Appellees

¶ 1     Plaintiff, Brittney Sullivan a/k/a Westphal (daughter), appeals the district court's order granting the motion to dismiss filed by defendants, Jim and Cheryl Westphal (parents).  We reverse and remand the case for further proceedings.

## I.     Background

¶ 2     We draw the following factual summary from the allegations in daughter's complaint.

¶ 3     In 2016, parents opened a Home Depot credit card and purchased home improvement materials for daughter.  Two years later, after daughter sold her condominium in Boulder, parents claimed daughter owed them $20,250 for the 2016 home improvement purchases.  Daughter promptly wrote them a check for that amount.

¶ 4     In 2019, daughter loaned parents $10,250 to purchase a car (the car loan).  Parents promised to repay her within two months but failed to do so.

¶ 5     Around February 7, 2022, daughter asked parents to repay the car loan.  Parents refused, claiming that what they owed her was offset by a debt daughter owed to them for unrelated expenses they had incurred on her behalf (the unrelated expenses).

1

¶ 6    After daughter asked for details regarding the unrelated expenses and provided documentation refuting her parents' claim, parents admitted that she did not owe them anything for the unrelated expenses.  They repaid the car loan by writing her a check.  However, at the time, parents told daughter that she still owed them more than $12,000 in unspecified "owed charges."

¶ 7    Daughter alleged in her complaint that, based on these interactions, on or about February 7, 2022, she began to "question the veracity" of parents' claim that they had incurred $20,250 in home improvement expenses on her behalf in 2016.  She asked parents to provide receipts detailing the home improvement purchases, as well as the $12,000 in "owed charges," but they "refused."

¶ 8    About a year later, on January 1, 2023, daughter "confronted her parents about the $20,250 she had paid them in June 2016 from the proceeds of her condo sale."  Parents showed her a budgeting notebook documenting only about $3,000 in home improvement expenses, leading daughter to infer that she had been overcharged by approximately $17,250.

¶ 9     Ten days after discovering this alleged overpayment, daughter and her husband notified parents they were going to sue them for the "stolen $20,250."

¶ 10    In September 2024, daughter sued her parents for, as relevant here, civil theft and unjust enrichment.  Parents moved to dismiss the complaint, asserting that it was barred by the statute of limitations.  The district court granted the motion.

¶ 11    Daughter now appeals, contending that the district court erred by ruling that her civil theft and unjust enrichment claims were time barred.  For the reasons below, we agree with daughter and, accordingly, reverse the judgment.

## II. Statute of Limitations

¶ 12 Daughter contends that the district court erred when it concluded that her civil theft and unjust enrichment claims were time barred and dismissed her complaint.[1] We agree.

### A. Standard of Review

¶ 13 We review de novo a district court's ruling on a motion to dismiss. *Patterson v. James*, 2018 COA 173, ¶ 16. "We apply the same standards as the [district] court, accepting all of the factual allegations in the complaint as true and viewing those allegations in the light most favorable to the plaintiff." *Id.* "Dismissal under C.R.C.P. 12(b)(5) is only proper where the factual allegations in the complaint cannot, as a matter of law, support the claim for relief." *Colo. Ethics Watch v. Senate Majority Fund, LLC*, 2012 CO 12, ¶ 16.

---

[1] The district court concluded that daughter's civil theft and unjust enrichment claims were both governed by the two-year statute of limitations in section 13-80-102(1)(a), C.R.S. 2025. Because we conclude that daughter filed her lawsuit less than two years after the accrual date for all her claims, we need not address daughter's arguments that a different statute of limitations applied to her equitable claim and that the district court erred by considering parents' affirmative defense as part of a motion to dismiss rather than requiring parents to raise it in an answer to the complaint. *See Bristol Bay Prods., LLC v. Lampack*, 2013 CO 60, ¶¶ 41-45.

## B. Applicable Law

¶ 14 Generally, whether a claim is time barred by a statute of limitations is a question of fact for the jury. *Sterenbuch v. Goss*, 266 P.3d 428, 432 (Colo. App. 2011). However, a party may assert a statute of limitations defense in a motion to dismiss "when the time alleged in the complaint shows that the action was not brought within the statutory period." *Wasinger v. Reid*, 705 P.2d 533, 534 (Colo. App. 1985). And a court may grant such a motion only when "the material facts are undisputed *and* reasonable persons could not disagree about their import." *Sterenbuch*, 266 P.3d at 432 (emphasis added).

¶ 15 In determining the accrual date for the statute of limitations, the focus is on when the plaintiff discovered, or should have discovered through reasonable diligence, the facts essential to the claim. *Int'l Network, Inc. v. Woodard*, 2017 COA 44, ¶ 10; *Crosby v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1279, 1285-87 (Colo. App. 2010). This includes information that would lead a reasonable person to inquire further. *Int'l Network, Inc.*, ¶ 10. "[R]easonable diligence" is determined objectively and does not reward denial or self-induced

ignorance. *Murry v. Guidone Specialty Mut. Ins. Co.*, 194 P.3d 489, 492 (Colo. App. 2008) (citation omitted).

¶ 16 We look to section 13-80-108, C.R.S. 2025, to determine when a cause of action accrues. Causes of action for injury to property or possession — which include civil theft claims — "shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1).

¶ 17 Claims for civil theft are subject to a two-year statute of limitations. *See Tisch v. Tisch*, 2019 COA 41, ¶ 39; § 13-80-102(1), C.R.S. 2025.

### C. Analysis

¶ 18 Daughter asserted in her complaint that her claims accrued "on or about" January 1, 2023, when she discovered her parents had overcharged her by approximately $17,250 for home improvement expenses they claimed to have incurred in 2016. Because daughter filed her civil theft claim less than two years after January 1, 2023, it is not time barred if she is correct about the accrual date.

¶ 19    Parents argued in their motion to dismiss that daughter's claim accrued "on or about September 28, 2018," when daughter wrote them a check for the 2016 home improvement debt.  It was at that point, they maintain, that daughter should have exercised "reasonable diligence" to discover the actual amount owed.  If parents are correct about the accrual date, daughter's civil theft claim is time barred.

¶ 20    In its order dismissing the complaint, the district court did not accept either party's argument and instead determined that daughter's claim accrued on February 7, 2022.  In reaching this conclusion, the court appears to have inferred that several events took place on that date.

- Daughter requested repayment of the car loan and confronted parents about inaccuracies in their claim that she owed them an equivalent amount for the unrelated expenses.

- Parents told daughter that she was indebted to them for an additional $12,000 in "owed fees."

- Parents "refused to provide anything to [daughter] about the 2016 [home improvement] purchases."

¶ 21    Based on these events, as well as daughter's allegation that she "began to question the veracity" of the home improvement expenses on or about February 7, 2022, the court concluded that "[t]he facts as alleged in the [c]omplaint show that by February 7, 2022," daughter was aware or reasonably should have been aware of facts that would make a reasonable person suspicious of the wrongdoing alleged in the complaint.

¶ 22    Reviewing the court's reasoning de novo, we conclude that the court failed to view the allegations in the complaint in the light most favorable to daughter. *See Hurtado v. Brady*, 165 P.3d 871, 872-73 (Colo. App. 2007) (when reviewing a motion to dismiss, "the court must take the allegations in the complaint as true and view them in the light most favorable to the plaintiff," and dismissal is appropriate only if it is "beyond doubt that the plaintiff cannot prove" facts entitling the plaintiff to relief (citation omitted)).  The court's determination that daughter's claims accrued on February 7, 2022, appears to rest on the assumption that the events described above all occurred on that date.  That is, the court appears to have inferred that, on February 7, 2022, daughter confronted parents and received, or did not receive, documentation

related to the unrelated expenses, the $12,000 in "owed charges," *and* the 2016 home improvement debt.

¶ 23    But the complaint's timeline is not necessarily linear. One plausible reading is that, as of February 7, 2022, daughter knew or reasonably should have known that parents had misled her about the size of the 2016 home improvement debt. But there is another reasonable reading that emerges if the factual allegations in the complaint are organized by the sequence of debt-related interactions rather than chronologically. Through this lens, the back-and-forth regarding the car loan could have occurred over several weeks or months, culminating in a confrontation on February 7 and *subsequent* revelations about the unrelated expenses. After it became clear that daughter did not owe the unrelated expenses, parents repaid the car loan but, "at that same time," newly claimed that daughter owed them $12,000 in "owed fees." Under this reading, daughter's suspicions about the 2016 home improvement debt would be tied only to parents' February 7 refusal to repay the car loan. This leaves the timing and circumstances of daughter's request for receipts to substantiate the 2016 home improvement debt unclear, and it also establishes that

9

the general suspicions that daughter alleged she began to develop on February 7 were not necessarily concrete enough to give her "reason to know" at that time that her parents had overcharged her for the home improvement debt.

¶ 24    Further complicating the analysis is the nature of the parties' relationship, which raises additional questions about when and how daughter should have exercised "reasonable diligence" to act on any of her suspicions regarding the home improvement debt. The complaint alleged that, due to their family ties, daughter and parents had a confidential relationship — one that arises "when one party has justifiably reposed confidence in another." *Page v. Clark*, 592 P.2d 792, 798 (Colo. 1979). Such a relationship may impel or induce a person "to relax the care and vigilance" ordinarily exercised in "dealing with a stranger." *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334, 338 (Colo. App. 1985) (citation omitted). Facts arising from confidential relationships "which would ordinarily require investigation may not excite suspicion, and the same degree of diligence is not required." *Lucas v. Abbott*, 601 P.2d 1376, 1379 (Colo. 1979) (citation omitted). To the extent that a confidential relationship existed, determining when daughter's "duty of inquiry"

10

arose is a fact-intensive inquiry best suited for the jury. *See id.* at 1379-80.

¶ 25    In sum, the fact that the allegations in the complaint do not necessarily establish that the three debt-and-discovery confrontations all occurred on a single day, when considered together with the nature of the parties' relationship, casts doubt on the district court's "reasonable diligence" determination. When the allegations are viewed in the light most favorable to daughter, ambiguities in the timeline and the existence of a confidential relationship suggest that daughter's discovery of the allegedly fraudulent debts may have occurred gradually — or perhaps not at all by February 7, 2022. While it is certainly possible that her discovery (or need to exercise reasonable diligence) arose on that date, this remains a factual question rather than a legal one. Accordingly, we conclude that the court erred by determining, as a matter of law, that the accrual date was February 7, 2022, and dismissing the complaint based on the expiration of the statute of limitations.

### III. Disposition

¶ 26     We reverse the district court's order dismissing the complaint and remand the case for further proceedings consistent with this opinion.

JUDGE YUN and JUDGE SCHOCK concur.