## No. 13,713.

NEIGHBORS OF WOODCRAFT *v.* HILDEBRANDT.
(54 P. [2d] 889)

Decided February 10, 1936.

Mr. CLARENCE L. BARTHOLIC, Mr. FRANK MCDONOUGH, JR., for plaintiff in error.

Mr. PAUL L. CROCKER, Messrs. BARKER & WEBSTER, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error was plaintiff in the trial court where he brought suit to recover upon a fraternal benefit certificate—in which he was named the beneficiary—issued to his wife Katherine Hildebrandt. At the close of all the evidence both parties moved for a directed verdict, whereupon the court discharged the jury and found the issues joined in favor of defendant in error.

It appears from the pleadings and evidence that the certificate of insurance was issued to the insured March 3, 1920, in consideration of monthly payments then, and thereafter, to be made; that the insured died June 7, 1933. At the time of her death, the premiums for the months of May and June, 1933, were not paid. It is undisputed that for some years prior to insured's death, she had many times paid the monthly premiums or assessments after the due date thereof, and that same were accepted by the insurer without question. Defendant in error now contends that such mode of payment established a custom upon which insured was entitled to rely and that the insurer is estopped to set up as a defense, the non-

payment of the above mentioned assessments due and unpaid at the time of insured's death. The insurer argues that even though such a custom had been established, insured had voluntarily dropped her policy and abandoned all rights thereunder and that she knowingly and intentionally refused to pay the premiums after notice of delinquency, and that she applied for, and took insurance, in lieu thereof, with the Prudential Insurance Company. It further contends that the proof of these facts overcame the presumption of waiver as to time of premium payments and that therefore the certificate upon which this action was instituted was not in force and effect at the date of death of insured.

Evidence on behalf of insurer, which is uncontradicted, is to the effect that its clerk, to whom insured paid her premiums or dues, frequently called the insured after the due date, urging her to pay the premiums, and she testified that on or about the 3rd day of May and again about the 17th day of May, she telephoned the insured; that being familiar with insured's voice, she knew to whom she was talking and insured told her, ''Do not send in for me again. I want to drop the Neighbors of Woodcraft, I am even with you now. I have taken Prudential insurance.'' The evidence further discloses that insured did take out other insurance at the time, and that she stated in her application to the Prudential Insurance Company, a copy of which is an exhibit in this case, that she had no insurance in any other company. The evidence further shows that the clerk mailed insured a delinquent notice as required by the constitution and by-laws of the insurer. No testimony was offered to rebut this evidence.

 Under the presentation here, the insurer virtually admits that the custom and practice existing between the insured and insurer was sufficient to establish a presumption of waiver by the insurer as to prompt payment, but it contends that this presumption could not be indulged in insured's favor under the circumstances sur-

rounding the payments which were delinquent at the time of her death. It further insists that the presumption which otherwise might exist, is rebuttable and that its uncontradicted evidence was sufficient for that purpose. Defendant in error argues that this was a disputed fact which the trial court resolved in his favor. We cannot agree with the latter contention. The evidence rebutting the presumption is uncontradicted. It is disputed in argument only. This evidence was concerning the telephone conversations, the mailing of notices and insured's application to the Prudential, coupled with the fact that the premiums were not paid. But for this evidence, the other facts would present a conclusive presumption of waiver by the insurer and by which it would be estopped from setting up the defense of nonpayment. This pronouncement is too well settled to require citation of authorities. A presumption of law is an inference, which, in the absence of direct evidence, is required by law to be drawn from the existence of certain established facts, and may be regarded as evidence to be considered in favor of the one for whom it operates and which is to be overcome by evidence of the other party. Where the presumption arises, as here, the burden is upon the insurer to overcome the presumption. It is clear from the record that insured did not rely upon the custom established. That she had abandoned it is not contradicted. The presumption is overcome by the affirmative acts of the insured.

██ The court found that there was no compliance with section 76 of the insurer's constitution, which is as follows: "After the report of remittance has been checked, the Grand Clerk shall notify, by mail, at the last known address, any member of any Circle of the Association for whom remittance was due but not sent or reported, stating in detail the amount due to each of the established funds of the Association by such member, and the consequent delinquency and want of good standing of such member."

Evidence on behalf of the insurer shows a compliance with this provision, and defendant in error presented no evidence to the effect that insured did not receive such a delinquent notice. It is not to be concluded that a delinquency does not occur under this provision until notice has been served as provided. The notice is of a "consequent" delinquency. The delinquency already is operative and the insured is simply notified of the want of good standing occasioned thereby. Also, this section of the constitution must be considered with the following section 238: "Failure of any benefit member to make, on the first, or before midnight of the fifth, day of each month, unless as provided in Section 239, all payments required on at least one benefit certificate held by such member, shall, ipso facto, create delinquency and cause immediate suspension of such benefit member from all rights and privileges of membership and all benefits accruing through such membership and provided for in the member's benefit certificate or certificates, which suspension shall remain in force until reinstatement of such benefit member is effected by compliance with the provisions of this Constitution governing reinstatement, and this section shall be self-executing."

■ In this case, the contract of insurance, or certificate, being that of a fraternal benevolent society, is the implied embodiment of the insured's application for membership, the charter and by-laws of the society, and the statutes under which it is organized. *Finnell v. Franklin,* 55 Colo. 156, 134 Pac. 122.

■ The burden of overcoming the presumption of waiver of time of payment of premiums by the insurer, was upon the latter. This burden it met by direct evidence, to which the insured offered no contradiction. Not only the weight, but all the evidence was against the presumption of waiver. The burden of proof concerning reliance on the custom, as constituting a waiver, was upon defendant in error. This burden he did not sustain. The finding of the trial court on this issue, in

favor of insured's husband, which manifestly is against the weight of the evidence, does not so paralyze the reviewing power of this court, that it is not free to prevent a miscarriage of justice.

The judgment is reversed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.