**ALLSTATE INSURANCE COMPANY,**
**Plaintiff–Appellee,**

v.

**Glenn Clark TROELSTRUP,**
**Defendant–Appellant.**

**No. 86CA0713.**

Colorado Court of Appeals,
Div. II.

Aug. 4, 1988.

Rehearing Denied Sept. 8, 1988.

Certiorari Granted (Allstate)
Feb. 6, 1989.

White and Steele, P.C., Robert A. Zupkus, Carolyn A. Boyd, Denver, for plaintiff-appellee.

Jacobson & Morrell, J. Gregory Morrell, Denver, for defendant-appellant.

SMITH, Judge.

In this declaratory judgment action to determine whether the liability portion of defendant Troelstrup's homeowner's insurance policy would cover any civil liability he might incur as a result of sexually molesting a child, the trial court entered summary judgment for the plaintiff, Allstate Insurance Company (Allstate). The court also granted Allstate's motion for summary judgment on Troelstrup's counterclaim alleging that Allstate had failed, thus far, to conduct a reasonable defense, after assuming such responsibility under a reservation of rights. We reverse and remand with directions.

Troelstrup was charged with felony sexual assault upon a child, to which charge he entered a plea of *nolo contendere.* He was subsequently sentenced to a prison term of three years.

Thereafter, a tort action was instigated against Troelstrup on behalf of the minor victim. In that pending action, a judgment for damages is being sought on the theories of negligence and outrageous conduct arising out of the sexual assault.

The sole issue before us is not whether Troelstrup is liable for damages, but rather, whether, as a matter of law, Allstate will be excused from satisfying any judgment which the victim may obtain against Troelstrup.

### I.

In support of its summary judgment motion, Allstate argued that Troelstrup's *nolo contendere* plea and his admissions that he had performed homosexual acts with the

child were sufficient, as a matter of law, to bring him within the policy's liability exclusion provision. That clause provides: "We do not cover bodily injury or property damage intentionally caused by the insured person."

In opposition to the motion, Troelstrup presented deposition testimony from several involved professionals, as well as from the investigating officer, all of whom, in essence, expressed the opinion that Troelstrup had no subjective intention to injure or harm the child. He also submitted a psychologist's affidavit in which the opinion was expressed that Troelstrup had formulated no conscious intent to harm the child. Troelstrup argues that this evidence raised a sufficient disputed factual issue as to his intent to withstand a summary judgment motion and to require that the court take evidence on the issue of intent to commit bodily harm. We agree.

■ Generally, an "intentional injury" exclusion applies if the insured acts *with the intent to commit harm*. *Butler v. Behaeghe*, 37 Colo.App. 282, 548 P.2d 934 (1976). However, if the policyholder did not intend his act to cause bodily injury it is covered, even if the reasonably foreseeable consequences of the act involved great harm. *Allstate Insurance Co. v. Steinemer*, 723 F.2d 873 (11th Cir.1984); *see Butler v. Behaeghe, supra.*

In *Allstate v. Steinemer, supra*, the United States Court of Appeals in construing essentially the same exclusion language stated:

"Under the majority rule ... an 'intentional injury' exclusion will not apply if the insured intentionally does an act, *but* has no intent to commit harm, even if the act involves the foreseeable consequences of great harm or even amounts to gross or culpable negligence." (emphasis supplied)

Although there appear to be no Colorado appellate cases specifically adopting this rule, we believe it to be the appropriate general rule to apply to the "intentional [bodily] injury" exclusion in insurance policies and therefore follow it here.

In some situations, when a litigant establishes certain underlying facts the law will allow a presumption or inference to arise therefrom. Even if, as Allstate argues, such a presumption or inference rule should be applied in sexual offenses involving children, the result we reach in this case would be the same. Generally the effect of such inference, or presumption, is to create a prima facie case upon which judgment may be entered in the absence of evidence to the contrary. *Murray v. Montgomery Ward Life Insurance Co.*, 196 Colo. 225, 584 P.2d 78 (1978); *Neighbors of Woodcraft v. Hildebrandt*, 98 Colo. 231, 54 P.2d 889 (1936).

■ While it is true that a mere denial by a party of such intent is not sufficient to raise the factual issue, *Sullivan v. Davis*, 172 Colo. 490, 474 P.2d 218 (1970), and thus overcome the inference, nevertheless, the proffer of independent expert testimony on the issue of Troelstrup's intent, as was done here, is in our view adequate to raise the factual issue.

Accordingly, the decision whether Troelstrup acted with intent to harm, so as to invoke the policy exclusion, in light of his proffered evidence, is one for the trier of fact, not one to be decided as a matter of law by the trial court on a summary judgment motion. The summary judgment must therefore be reversed and the cause remanded for determination of that issue based on the evidence presented.

## II.

The dismissal of defendant Troelstrup's counterclaim relative to ineffective representation was, in light of our resolution of the previous issue, premature, and that issue can only be addressed after the first issue is determined in this declaratory judgment action.

## III.

In light of our reversal of the summary judgment herein, we likewise reverse the court's award to plaintiff of its costs in taking defendant's deposition for use at the summary judgment hearing.

The judgment is reversed and the cause is remanded for further proceedings consistent herewith.

VAN CISE and NEY, JJ., concur.