**FIRST INTERSTATE BANK OF DEN-
VER, N.A., Plaintiff–Appellant and
Cross–Appellee,**

v.

**Joseph BERENBAUM, Berenbaum &
Weinshienk, P.C., Beverly Quail, and
Welborn Dufford Brown & Tooley, P.C.,
Defendants–Appellees and Cross–Appel-
lants.**

**No. 92CA0905.**

Colorado Court of Appeals,
Div. I.

Oct. 7, 1993.

Rehearing Denied Nov. 12, 1993.

Certiorari Granted May 2, 1994.

Hutchinson Black & Cook, William D. Meyer, James England, Boulder, for plaintiff-appellant and cross-appellee.

Long & Jaudon, P.C., Joseph C. Jaudon, Michael T. McConnell, Denver, for defendants-appellees and cross-appellants Joseph Berenbaum and Berenbaum & Weinshienk, P.C.

Wood Ris & Hames, P.C., F. Michael Ludwig, Denver, for defendant-appellee and cross-appellant Beverly Quail.

Coghill & Goodspeed, P.C., H. Thomas Coghill, Mark A. Pottinger, Denver, for defendants-appellees and cross-appellants Welborn Dufford Brown & Tooley, P.C.

Opinion by Judge MARQUEZ.

Plaintiff, First Interstate Bank of Denver, N.A., appeals from judgments dismissing its claims for breach of contract and negligence against defendants Joseph Berenbaum, an attorney, and the law firm with which he is affiliated, Berenbaum & Weinshienk, P.C. (the Berenbaum defendants); dismissing its negligent misrepresentation and fraud claims against defendants Beverly Quail, an attorney, and the law firm with which she is affiliated, Welborn Dufford Brown & Tooley, P.C. (the Welborn defendants); and awarding attorney fees to the Welborn defendants. The Berenbaum defendants cross-appeal the judgment denying attorney fees, and the Welborn defendants cross-appeal from the judgment denying their request for sanctions

and attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

Masonic Building Investors, Ltd., (MBIL) purchased a building, but not the underlying land, from the Masonic Temple Association of Denver (Masons). MBIL provided the Masons a promissory note secured by deed of trust on the building. The Masons also leased the land to MBIL and agreed to lease back certain portions of the building. The building lease from MBIL to the Masons contained an offset provision. If MBIL defaulted, the provision allowed the Masons to offset the amount in default against their rental payment.

In 1985, MBIL sought a construction loan from First Interstate Bank. This transaction is at the heart of the present litigation. In this transaction, First Interstate was represented by Berenbaum, and MBIL was represented by Quail. Berenbaum advised First Interstate to require deletion of the offset provision that was contained in the office lease between MBIL and the Masons. Although this request was made, the loan transaction between First Interstate and MBIL was ultimately closed with the offset provision still contained in the lease. When MBIL later defaulted on its obligations to the Masons, the Masons invoked the offset provision.

In September 1988, First Interstate foreclosed on its deed of trust at a public trustee sale, resulting in a deficiency of approximately $4,000,000. Seeking to recover its deficiency, First Interstate brought this action against the Berenbaum defendants for breach of contract and negligence in allowing the offset provision to remain in the lease and against the Welborn defendants for negligent misrepresentation and fraud in inserting the provision back into the final draft.

The trial court granted summary judgment dismissing the fraud claim against the Welborn defendants after determining that the claim was barred by the applicable statute of limitations, and it granted a motion to dismiss pursuant to C.R.C.P. 12(b)(5) concerning the negligent misrepresentation claim against the Welborn defendants.

In January 1992, the trial court issued a written order dismissing the claims against the Berenbaum defendants. In April 1992, the court awarded costs and attorney fees to the Welborn defendants pursuant to § 13–17–201, C.R.S. (1987 Repl.Vol. 6A), but denied their request for attorney fees under § 13–17–101.

## I.

First Interstate contends that the trial court erred in dismissing its claims against the Berenbaum defendants. We agree.

### A.

First Interstate first argues that dismissal was improper because the Berenbaum defendants' "Memorandum Brief Re: Declaratory Judgment" (Memorandum Brief), which requested a construction of the contracts to determine whether the Masons had a right of offset with respect to First Interstate, contained no citation to procedural authority indicating dismissal was sought. It maintains that drastic relief such as summary judgment is reversible error if the opposing party is denied the opportunity to demonstrate that such relief is inappropriate.

However, these questions were not raised in the trial court and, thus, will not be addressed for the first time on appeal. *Wilson v. Board of County Commissioners*, 703 P.2d 1257 (Colo.1985).

### B.

First Interstate also contends that the substantive decision in the trial court's order is not dispositive of their claims against the Berenbaum defendants. We agree with this contention.

As noted above, the office lease between MBIL and the Masons contained an offset provision, which provided that, if MBIL defaulted on payments under either the note or the ground lease, the Masons could offset the amount in default against their obligation to pay rent under the office lease. When MBIL, represented by Quail, sought a construction loan from First Interstate, Berenbaum, First Interstate's attorney, advised

against allowing the offset provision to remain in the lease. First Interstate allegedly directed Berenbaum to renegotiate the lease in order to eliminate the offset provision. The offset provision, however, was included in the final agreement.

When MBIL later defaulted on its loan from First Interstate, First Interstate foreclosed on its deed of trust to the building. Because the Masons invoked the offset provision and refused to pay rent under the office lease, First Interstate initiated a forcible entry and detainer action against the Masons. First Interstate asserted that the Masons had no right of offset with respect to First Interstate. This litigation was subsequently settled.

First Interstate then initiated the present claims seeking as damages the amount of the deficiency on the foreclosure. In the present litigation, however, First Interstate claims that the Mason's did have a right of offset with respect to First Interstate.

In its order of dismissal, the trial court concluded that the Masons had no right of offset with respect to First Interstate. Thus, in the court's view, neither the existence of the offset provision nor its legal effect caused any losses to First Interstate. We disagree with the latter determination.

■ An attorney owes a duty to his client to employ that degree of knowledge, skill, and judgment ordinarily possessed by members of the legal profession in carrying out services for his client. One of these obligations is anticipating reasonably foreseeable risks. *Temple Hoyne Buell Foundation v. Holland & Hart*, 851 P.2d 192 (Colo.App. 1992).

■ If language included within a document because of the acts or omissions of an attorney results in litigation, even if the language is ultimately construed in favor of the client, then the question remains whether reasonably prudent attorneys should have foreseen that the likely result of its inclusion would be litigation. *See Temple Hoyne Buell Foundation v. Holland & Hart, supra.*

Thus, even if the Masons had no right of offset against First Interstate as a matter of law, determination of that issue is not disposi-tive of whether Berenbaum breached his attorney-client contract with First Interstate or was negligent in handling First Interstate's legal affairs. We conclude, therefore, that the trial court erred in dismissing the claims against the Berenbaum defendants.

Because of our resolution on this matter, we do not address First Interstate's contention that the trial court's conclusion that the Masons had no right of offset with respect to First Interstate was incorrect, and we remand this issue to the trial court for further consideration.

## II.

The Berenbaum defendants cross-appeal the trial court's refusal to award attorneys' fees following dismissal of First Interstate's claim against the Berenbaum defendants. In view of our reinstatement of these claims, we do not reach this contention.

## III.

First Interstate next contends that the statute of limitations had not run on First Interstate's fraud claim against the Welborn defendants and that the trial court thus erred in granting summary judgment dismissing this claim. We disagree.

First Interstate concedes that this case is governed by former § 13–80–109, C.R.S., which, during the times applicable here, provided:

> Bills for relief on the ground of fraud shall be filed within three years after the discovery by the aggrieved party of the facts constituting such fraud, and not afterwards.

■ In order to prevail on a motion for summary judgment, a defendant pleading the statute of limitations must establish a lack of disputed facts with respect to when the plaintiff knew or should have known of the alleged fraud. *See Norton v. Leadville Corp.*, 43 Colo.App. 527, 610 P.2d 1348 (1980).

■ Whether the statute bars a particular claim is normally a question of fact for the jury. *Balistreri Greenhouses v. Roper Corp.*, 767 P.2d 736 (Colo.App.1988). Howev-

er, when the complaint shows on its face that the claim was brought more than three years after the alleged fraud and the defendant has affirmatively pled the statute of limitations, the burden is on the plaintiff to show the statute has been tolled. *Hansen v. Lederman,* 759 P.2d 810 (Colo.App.1988).

The Welborn defendants were first named as defendants in an amended complaint apparently filed April 26, 1990. Thus, if First Interstate knew or should have known of the alleged fraud prior to April 26, 1987, the fraud claim is time barred.

■ First Interstate concedes it physically received possession of a copy of the executed office lease some time prior to April 26, 1987. However, it asserts that it was not aware of the offset provision until after April 1987 and that, thus, the statute of limitations was tolled until that time. We disagree that the statute of limitations was tolled.

■ The limitations period commences when the defrauded person has knowledge of facts which, in the exercise of proper prudence and diligence, would enable the person to discover the fraud perpetrated against that person. *Hansen v. Lederman, supra.* See *Bowman v. May,* 102 Colo. 417, 80 P.2d 327 (1938) (statute of limitations in a fraud case begins to run when a party has full possession of the means of detecting a fraud). Moreover, there is a presumption that a corporation has knowledge of what is in its files and records, and a judgment may be premised on that presumption in the absence of contrary evidence. *Murray v. Montgomery Ward Life Insurance Co.,* 196 Colo. 225, 584 P.2d 78 (1978).

Thus, we conclude that the trial court did not err in granting summary judgment.

### IV.

First Interstate next asserts that the trial court erred in dismissing its claim for negligent misrepresentation against the Welborn defendants. We conclude that the trial court properly dismissed this claim under C.R.C.P. 12(b)(5).

First Interstate's complaint alleges negligent misrepresentation on the part of MBIL's attorney, Quail, for failing to inform First Interstate that the offset provision had been reinserted into the office lease. There is no allegation that Quail furnished any legal opinion at the request of MBIL for the benefit of First Interstate. See *Central Bank Denver v. Mahaffy, Rider, Windholz & Wilson,* 865 P.2d 862 (Colo.App.1993). Relying on *Montano v. Land Title Guarantee Co.,* 778 P.2d 328 (Colo.App.1989), the trial court determined that an attorney can be liable to the opposing party only when the attorney's conduct is fraudulent, malicious, or constitutes an intentional tort.

■ By definition, a claim for negligent misrepresentation is neither fraudulent, malicious, nor intentional. First Interstate, however, asserts that Quail was an investor in MBIL and that, therefore, her actions, at least in part, were in her own behalf. Thus, First Interstate concludes that the rule of *Montano v. Land Title Guarantee Co., supra,* should not apply.

However, the record does not support First Interstate's assertion. The amended complaint states that: "At all times, Quail and Welborn Dufford were acting in their capacity as attorneys." First Interstate points to no evidence otherwise, and we have not found any in the record.

### V.

■ After the trial court dismissed First Interstate's negligent misrepresentation claim pursuant to C.R.C.P. 12(b)(5), the Welborn defendants moved for and were awarded attorneys' fees pursuant to § 13–17–201, C.R.S. (1987 Repl.Vol. 6a). First Interstate contends that the trial court erred in awarding attorneys' fees to the Welborn defendants. We agree.

Section 13–17–201 provides:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any action is dismissed on motion of the defendant prior to trial under Rule 12(b) of the Colorado Rules of Civil Procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

We conclude that, by its terms, this section applies only when an *action* has been dismissed under C.R.C.P. 12(b), and that since, in this case, only a single claim was dismissed under that rule, an award of attorneys' fees was contrary to the plain language of the statute. Our conclusion is supported by the fact that the General Assembly has made the distinction between an action and a single claim in other statutes and rules. *See* § 13–17–101, C.R.S. (1987 Repl.Vol. 6A) ("bringing or defense of an action, or part thereof (including any claim for exemplary damages)"); C.R.C.P. 11 ("any claim, action or defense"). Thus, the Welborn defendants were not entitled to attorneys' fees under § 13–17–201.

In view of our resolution of this issue, we do not address First Interstate's remaining contentions relating to § 13–17–201, and the trial court did not discuss any claims based on C.R.C.P. 11.

## VI.

The Welborn defendants assert that the trial court acted outside its discretion in not imposing sanctions or awarding attorneys' fees on First Interstate and its counsel under C.R.C.P. 11 and § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) for maintaining the fraud claim against the Welborn defendants. We disagree.

C.R.C.P. 11 provides for the imposition of sanctions if an attorney signs a pleading unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Section 13–17–102 provides for the award of attorneys' fees if the court determines that an action was substantially frivolous, substantially groundless, or substantially vexatious.

Whether attorney fees should be awarded and in what amount are within the discretion of the trial court, and its ruling on such matters will not be disturbed absent an abuse of that discretion. *Schmidt Construction Co. v. Becker–Johnson Corp.*, 817 P.2d 625 (Colo.App.1991).

The trial court here heard argument and considered evidence prior to making its findings with respect to the Welborn defen-

dants' motion for sanctions. The court specifically found that First Interstate's claims were not groundless or frivolous, and its findings are supported by the record. We conclude the court did not abuse its discretion in denying the motion for sanctions.

The judgment dismissing the breach of contract and negligence claim against the Berenbaum defendants is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion. The judgment awarding the Welborn defendants attorney fees pursuant to § 13–17–201 is also reversed. In all other respects, the judgments of the court are affirmed.

PIERCE and NEY, JJ., concur.