**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LUPITA LEWIS,

      Plaintiff - Appellant/Cross-Appellee,

v.

CITY OF LITTLETON,

      Defendant - Appellee/Cross-
      Appellant,

and

JAMES T. POWERS; NATIONAL
FEDERATION OF THE BLIND,
COLORADO; COLORADO CENTER
FOR THE BLIND, a Colorado public
foundation in good standing; CZ FAMCO
HOLDINGS, LLC; ERMA'S MEXICAN
FOOD, INC.,

      Defendants - Appellees.
_____

LUPITA LEWIS,

      Plaintiff - Appellee,

v.

CITY OF LITTLETON, COLORADO,

      Defendant - Appellant,

and

JAMES T. POWERS,

No. 19-1424
(D.C. No. 1:15-CV-02692-MEH)
(D. Colo.)

No. 19-1426
(D.C. No. 1:15-CV-02692-MEH)
(D. Colo.)

Defendant.

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **KELLY**, and **PHILLIPS**, Circuit Judges.

---

James Powers drove into Lupita Lewis, a blind woman, after she inadvertently walked into the road while returning to the Colorado Center for the Blind's ("CCB") student housing. To recover for her injuries, Lewis sued Powers for driving negligently. She also sued several entities, including the City of Littleton, Colorado ("the City"), alleging that they violated common-law and statutory duties to ensure that the walking route was safe and accessible for the visually impaired. The district court dismissed all claims against the entities pretrial. A jury found for Powers on the remaining negligence claim. After this unfavorable verdict, Lewis moved for a new trial. The district court denied the motion. On appeal, Lewis challenges this ruling and several additional orders. We have jurisdiction to review only the Order on Motion for New Trial ("New Trial Order"). We affirm the district court's decision therein. Additionally, on cross-appeal, the City contests the denial of attorney's fees and costs under Colorado law. On this, we also affirm the district court. We remand for further proceedings on the City's alternative request for costs under federal law.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In December 2013, Lewis was in the City attending an internship program at the CCB. While going from the bus stop to CCB student housing after class, she inadvertently walked into the road, thinking it was the sidewalk. Then, Powers unintentionally drove into her.

To recover for her injuries, Lewis sued Powers and several entities, including the City. She alleges that Powers was driving negligently. Additionally, she brings negligence, Americans with Disabilities Act ("ADA"), and Rehabilitation Act claims against the entities. She bases these claims on the walking route not being safe and accessible for the visually impaired.

The district court dismissed the claims against the entities on pretrial motions. The negligence claim against Powers went to trial. A jury found that Powers hadn't been negligent but that Lewis had been negligent. Unhappy with this verdict, Lewis moved for a new trial. The district court denied her motion. We review, exercising jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

### I.     Jurisdiction

Although, on appeal, Lewis has sought to challenge several district-court orders, we have jurisdiction to review only one. Under Rule 3 of the Federal Rules of Appellate Procedure, "[a]n appeal . . . may be taken only by filing a notice of appeal" "designat[ing] the judgment, order, or part thereof being appealed" "with the district clerk within the time allowed by Rule 4." This time is thirty days from the entry of an order on a motion

for a new trial. Fed. R. App. P. 4(a)(1)(a), (a)(4)(A)(v). These rules "are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citation omitted); *Becker v. Montgomery*, 532 U.S. 757, 765 (2001) ("Appellate Rules 3 and 4, we clarify, are indeed linked jurisdictional provisions."). Lewis satisfied these conditions only for her appeal of the New Trial Order, which she designated in her Notice of Appeal.

We do construe the designation requirement liberally, *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016) (citation omitted), such that "[w]hen a notice of appeal fails to designate the order from which the appeal is taken, our jurisdiction will not be defeated if other papers filed within the time period for filing the notice of appeal provide the functional equivalent of what Rule 3 requires," *Denver & Rio Grande W.R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997) (citations and internal quotation marks omitted). But this doesn't help Lewis. Although she listed the additional orders she wants reviewed in the Docketing Statement, she filed this after the time for filing a notice of appeal had passed. *See* Docketing Statement at 8 (having a filing date of November 18, 2019); Appellant's App. vol. 10 at 168 (reflecting that the Order on Motion for New Trial was filed September 27, 2019). We can't extend this time. *See*, *e.g.*, *Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006) ("To the extent Plaintiffs are asking this Court to find excusable neglect and extend the time for filing their notice of appeal, we have no authority to do so. Only the district court may do so and only under limited circumstances and for a limited time." (citations omitted)).

4

## II. Lewis's Appeal of the New Trial Order

In her new trial motion, Lewis argued that the verdict wasn't supported by the evidence because the evidence showed that (1) "she was visible in the middle of the street" and that (2) "she was a capable, experienced and cautious traveler," meaning that Powers had been at fault. Appellant's App. vol. 10 at 165 (internal quotation marks omitted). But she didn't convince the district court. It found that this testimony supported the verdict:

- "[A]t least one disinterested witness stated the Plaintiff had 'walked in front—stepped in front of the car, and the car hit the person'";

- "This witness, who was driving in the opposite oncoming lane, testified that Plaintiff made no sudden movements, but was 'continuously walking' and 'looked like [she] was looking for something'";

- "[One blind witness] testified that Plaintiff could unintentionally walk into the street, but her sense of hearing should keep her from walking in front of a car";

- "Julie Deden, Executive Director at the [CCB], testified that it is possible for a blind person to 'unintentionally step in front of a car'";

- "Ms. Deden . . . testified that 'it's critical, you know, that we're able to utilize our hearing in order to travel independently and to hear traffic and traffic patterns and everything'"; and

- "The jury heard from the Plaintiff that her 'hearing is pretty good' and that she owned hearing aids but was not wearing them the night of the collision."

*Id.* at 165–66 (second alteration in original) (citations omitted). The court ruled that this evidence "demonstrate[d] that despite [Lewis's] being visible, some witnesses saw [her] walk in front of a moving vehicle that was neither speeding nor being carelessly driven, which, if believed, supports a finding that [Powers] was not negligent." *Id.* at 166–67 (citation and internal quotation marks omitted).

5

We review this decision for abuse of discretion. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (citation omitted). We "will reverse . . . only if [the court] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1283 (10th Cir. 2003) (citation and internal quotation marks omitted). When, as here, "a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Snyder v. City of Moab*, 354 F.3d 1179, 1187–88 (10th Cir. 2003) (citation and internal quotation marks omitted).

Although we deeply sympathize with Lewis, after reviewing the court's decision and the record, we see no abuse of discretion. Lewis wants the evidence reweighed. *See, e.g.*, Appellant's Resp. & Reply Br. at 39–41 (arguing that Powers and his wife weren't credible witnesses). Her problem with the district court's decision is that the court purportedly misinterpreted the above-cited testimony. But "the jury alone has the power to weigh [the] evidence and assess the credibility of witnesses" and neither we nor the district court will "retry the facts." *Wilson By & Through Wilson v. Merrell Dow Pharm. Inc.*, 893 F.2d 1149, 1155 (10th Cir. 1990) (citation omitted). In considering the evidence, the district court did as it was supposed to do, which was to view the evidence in the prevailing party's favor, "bearing in mind that the jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching

6

ultimate conclusions of fact." *Snyder*, 354 F.3d at 1188 (citations, internal quotation marks and alterations omitted).[1]

Lewis's additional arguments for a new trial lack merit. For one, she argues this:

> The jury did not follow the simple instructions give[n] to them in completing the Special Verdict Form and they didn't apply the more complicated instructions on the law in rendering their verdict. No reasonable jury could find that Defendant Powers proved by a preponderance of the evidence that Mrs. Lewis was negligent. Plaintiff did prove by a preponderance of the evidence that Mr. Powers was negligent and the jury's finding otherwise [cannot] be reconciled with the weight of the evidence presented at trial.

Appellant's Opening Br. at 31–32. The district court interpreted the first sentence to be referring to the fact that on the Verdict Form, the jurors decided whether she had been negligent even though "they were instructed not to do so" if they determined that Powers hadn't been negligent. Appellant's App. vol. 10 at 167.

This argument must fail. As the district court wrote, "[w]e generally presume that juries follow the instructions given to them." *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250 (10th Cir. 2013) (citation omitted). The additional answer on the verdict form isn't convincing evidence that the jury did otherwise, and Lewis has offered no other evidence of this.

Additionally, Lewis argues that Powers appealed to the sighted jurors' "sympathy and bias" and that part of Powers's closing argument was improper, including this remark: "Mr. Powers did nothing wrong. He was out, like any other person, just trying to

---

[1] Lewis asks our permission to file three exhibits physically with our clerk's office. We deny this request as moot.

get home at night." Appellant's Opening Br. at 30–31. She relatedly contends that because the jurors were sighted, "one or more of [them] held a bias, prejudice or passion against plaintiff's negligence claims which precluded a just verdict." *Id.* at 32.

We're sure that sighted jurors couldn't fully sympathize with Lewis's experiences. Nevertheless, even if Lewis preserved these arguments for appeal, they fall far short. First, as the district court concluded, the remark wasn't improper. In context, Powers was arguing merely that he hadn't been driving negligently. Second, Lewis's related argument isn't based on any legal theory. *Cf.* Fed. R. App. P. 28 (requiring "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). And even if it were, she has given no evidence to support it.

## III.   The City's Cross-Appeal

On cross-appeal, the City argues that the district court erred in denying it attorney's fees and costs under Colorado's §§ 13-6-113(2) and -17-201, which require an award of these sums in certain tort actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure. Reviewing this question of law de novo, *see United States v. Abouselman*, 976 F.3d 1146, 1153 (10th Cir. 2020) (citation omitted), we affirm the denial of attorney's fees and costs under these statutes.

The statutes are inapplicable even if they apply to actions dismissed under Rule 12(b) of the Federal Rules of Civil Procedure and even if this case is a tort action despite the statutory claims. *See* Colo. Rev. Stat. Ann. §§ 13-6-113(2) (applying "[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person"), 13-17-201 (same). The statutes apply only when an entire action is

8

dismissed under Rule 12(b).[2] *See*, *e.g.*, *First Interstate Bank of Denver, N.A. v. Berenbaum*, 872 P.2d 1297, 1302 (Colo. App. 1993) ("We conclude that, by its terms, this section applies only when an *action* has been dismissed under C.R.C.P. 12(b), and that since, in this case, only a single claim was dismissed under that rule, an award of attorney['s] fees was contrary to the plain language of the statute."); *State v. Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998), *as modified on denial of reh'g* (June 22, 1998) ("The statute requires courts to award defendants reasonable attorney['s] fees whenever an entire tort action, but not a single tort claim, is dismissed before trial pursuant to C.R.C.P. 12(b) . . . ." (citing *First Interstate Bank of Denver, N.A.*, 872 P.2d at 1302)). The entire action against the City wasn't dismissed under Rule 12(b); the ADA and Rehabilitation-Act claims were dismissed on summary judgment.

The City argues that this entire-action rule doesn't apply here because "the grant of summary judgment on Plaintiff's federal claims occurred at the same time as the dismissal of her state law negligence claim" and because "the only claim under Colorado law, and the only 'action' under Colorado law was the Plaintiff's state law negligence claim." City Answer & Opening Br. at 30. We reject both these positions. First, the rule is based on the statutes' plain meaning, *see First Interstate Bank of Denver, N.A.*, 872 P.2d at 1302, and the language supports neither position, Colo. Rev. Stat. Ann. §§ 13-16-

---

[2] We find against the City for different reasons than did the district court. *Cf. Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1032–33 (10th Cir. 2018), *as revised* (Apr. 13, 2018) ("[W]e may affirm the district court for any reason supported by the record." (citation and internal quotation marks omitted)). The district court found the statutes inapplicable because it hadn't dismissed any claims under Rule 12(b).

113(2), 13-17-201. Second, the Colorado Court of Appeals has held that attorney's fees weren't warranted under these statutes when, like here, a trial court dismissed state-law tort claims under Colorado Rule 12(b) and dismissed an associated federal claim on summary judgment. *Jaffe v. City & Cnty. of Denver*, 15 P.3d 806, 814 (Colo. App. 2000). We are persuaded that the Colorado Supreme Court would do the same. *Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1297 (10th Cir. 2010) ("[T]he decision of an intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (citation and internal quotation marks omitted)).

In the Motion for Attorney's Fees and Costs, the City asked alternatively for either 28 U.S.C. § 1920[3] costs or permission to file a bill of costs under local rule 54.1. The district court didn't address this request, and the City asks that we do so. Although we question the value of pursuing costs so intensely here, we remand for further proceedings on this issue. We leave to the district court whether to grant the request at this stage. *Cf.* D.C.COLO.LCivR 54.1 (ordering filing of bills of costs within fourteen days after entry of the final order).

## CONCLUSION

For the foregoing reasons, we affirm the New Trial Order, deny the Motion for Appendix Exemption for Physical Exhibits and Electronic Exhibit Larger Than 30 MB, and remand for further proceedings on the City's filing a bill of costs.

---

[3] 28 U.S.C. § 1920 permits federal courts to tax certain costs.

Entered for the Court


Gregory A. Phillips
Circuit Judge